DOUGALD McARTHUR v. DAVID D. OLIVER.

*Trover and assumpsit on an award— Vacated judgment.*

Where trover and assumpsit were both brought on the same award, a
showing in the latter case that a judgment stipulated in the former,
but afterwards vacated, had covered all damages claimed in both
cases, and had been discharged by the imprisonment of the defend-
ant in trover, was properly *excluded* as immaterial, not only because
the judgment had been vacated, but because an imprisonment based
in part upon a claim in contract would be unlawful and could have
no effect.

Error to Alpena. (Green, J.) Jan. 17.—April 16.

ASSUMPSIT. Defendant brings error. Affirmed.

*A. C. Maxwell* for appellant.

*J. D. Turnbull* for appellee.

CHAMPLIN, J. This is an action of assumpsit, based upon
the award of the arbitrators in the matter of the submission
between Dougald McArthur and the firm of Robinson &
Oliver. The award and the material facts are stated in our
opinion in the case of *McArthur v. Oliver*, ante, p. 299.

The testimony taken on the trial of the action of trover
between these parties was by consent treated as the evidence
in this case. In addition, the defendant offered to prove
that the stipulation made by Tuttle & Holmes, in which
they professed to act for both defendants, covered all
damages claimed by plaintiff in both suits, and that, there-
fore, the damages claimed in this case became and were
merged in the judgment in trover, and were satisfied by the
imprisonment on execution of defendant Robinson previ-
ously to the vacation of that judgment as to defendant
Oliver.

The circuit judge held that if the damages arising upon
contract were included in the judgment in trover, by stipu-
lation, the defendants could not lawfully be imprisoned on

53 MICH—20

the execution issued upon such judgment; and, further, that the vacation of that judgment upon the motion of the defendant Oliver was a vacation thereof as to both defendants, and therefore such testimony was immaterial. We think the ruling of the circuit judge was correct.

There was no error, and the judgment is affirmed.

The other Justices concurred.